1  Steve Bolton, Pro Se'
2  7542 Splashing Rock Dr.
3  Las Vegas, NV. 89131
4  702-772-9807
5  sbolton7@centurylink.net
6

7  ## IN THE UNITED STATES DISTRICT COURT
8  ## FOR THE DISTRICT OF NEVADA

Steve Bolton Pro Se'                                    )
Plaintiff                                               )

V.                                                      )        **2:11-cv-00387-JCM -RJJ**
                                                        )
Guglielmo & Assoc.                                      )
Defendant                                               )
                                                        )        **Civil Rights Violation Complaint**
Discover Financial Services a.k.a DFS                   )        **Trial By Jury Demanded**
Services, Discover Card, NB Holding et al,              )
Discover Bank                                           )
Co-Defendant                                            )
Does 1 through 10                                       )
                                                        )

9  ## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL
10
11  **Comes now** the Plaintiff Steve Bolton:

12  Plaintiff's Complaint is based on the Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* (FCRA)
13  and the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.* (FDCPA)
14  At all times hereinafter mentioned, The Plaintiff is a resident of Clark County State of Nevada.
15  From here forward Steve Bolton, will be known as the Plaintiff.

16  ## JURISDICTION AND VENUE

17  Jurisdiction of this court arises pursuant to *15 U.S.C. §1681(p)* and  *15 U.S.C. §1692k(d)* and
18  which states that such actions may be brought and heard before "any appropriate United States
19  district court without regard to the amount in controversy."
20  The Defendant Guglielmo & Assoc. is a third party debt collector and conducts business in the
21  state of Nevada and is located at 3376 S. Eastern Ave Ste. 188A, Las Vegas, NV  89169, as such
22  is governed under the Fair Debt Collection Practices Act *15 U.S.C. §1692 et seq.*(DCPA).
23  Plaintiff brings this action to the fact as to how an alleged account was or was not validated and

1

24   continued collection activities' and wrongful actions without providing proof of an alleged
25   account to the Plaintiff in the attempted collection of the alleged account, <u>violated the civil rights</u>
26   of the Plaintiff and the law as outlined in the Fair Debt Collection Practices Act *15 U.S.C. §1692*
27   *et seq.*
28   The Co-Defendant Discover Financial Services LLC a.k.a DFS Services, Discover Card et al
29   conducts business in the state of Nevada and is headquartered at 2500 Lake Cook Rd.,
30   Riverwoods, IL 60015-3851 and they are licensed to do business in the State of Nevada. As such
31   is governed under the law by Fair Credit Reporting Act *15 U.S.C. § 1681 et seq.* and also reports
32   these accounts to the national credit reporting agencies i.e. Trans Union, Equifax, Experian and
33   Innovis.  The State of Nevada abides by and adheres to these laws. Specifically the Fair Credit
34   Reporting Act *15 USC §1681, et seq.*
35   The Plaintiff brings this action to the fact as to how an alleged account was or was not reported
36   correctly and reported erroneous and inaccurate information in the Plaintiffs Credit reports and
37   failed to provide proof of the alleged account. And wrongful actions of the Co-Defendant in the
38   credit reporting of the alleged account, <u>violated the civil rights</u> of the Plaintiff and the law as
39   outlined in the Fair Credit Reporting Act 15 USC §1681, *et seq.* and the Fair Debt Collection
40   Practices Act *15 U.S.C. §1692 et seq*

41   ## PRELIMINARY STATEMENT
42
43   Plaintiff brings this action for damages based upon Defendants Guglielmo & Assoc. for
44   violations of the Fair Debt Collection Practices Act *15 U.S.C. §1681, et seq.* Continued
45   collection activity without providing proof of an alleged account and failure to provide proof of
46   the alleged account.
47   Plaintiff brings this action for damages based upon Co-Defendants violations of the
48   Fair Credit Reporting Act, 15 U.S.C. 1681 <u>et seq.</u> ("FCRA"). Reporting erroneous and inaccurate
49   information in the Plaintiffs' Credit Report and for willful and negligent non-compliance.
50   Discover, Discover Bank is a furnisher of information as contemplated by FCRA section 1681s-
51   2(a) & (b), (n) & (o) that regularly and in the ordinary course of business furnishes information
52   to one or more consumer reporting agencies about consumer transactions or experiences with
53   any consumer.

54   ## INTRODUCTION

2

55  On or about Oct 29, 2010 the Defendant contacted the Plaintiff via US Mail with a notice of an

56  alleged debt that was owed. On or about Nov. 5th 2010 the Plaintiff sent a letter of Validation to

57  the Defendant via certified US Mail which the Defendant received on November 9th 2010.

58  To date the Defendant has failed to validate the alleged debt.

59  The Defendant has done continued collection activity through today's date by filing a suit in the

60  Local County Court which lacks jurisdiction and proof of the alleged debt.

61  The Defendant has filed an amended suit in the same court a second time and the Plaintiff has

62  again challenged that suit based on the local court lacks jurisdiction and proof of the alleged

63  debt.

64  The Defendant sent a second letter to the Plaintiff on or about Feb. 9th, 2011 indicating to pay the

65  account at a reduced price.

66  Again continuing collection activity without providing proof of the alleged debt.

67  On or about June 28th 2010 the Plaintiff requested copies of his credit report from the three

68  national credit reporting agencies Trans Union, Experian and Equifax. Upon review the Plaintiff

69  found that the Co-Defendant was reporting erroneous, inaccurate and derogatory information in

70  the plaintiff's credit reports.  Upon inspection of the said credit reports the Plaintiff observed that

71  Co-Defendant listed on the Plaintiffs Experian, Equifax and Trans Union credit report indicating

72  an account with them.

73      The Plaintiff contacted the Co-Defendant by U.S. Postal Service Certified Mail Return

74  Receipt # 7009 3410 0001 0346 3119 on or about July 22, 2010 (see **Exhibit A**) with receipt of

75  said letter on July 26th, 2010 disputing the information in the Plaintiff's credit report.

76      The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate

77  information via U.S. Postal Service Certified Mail Return Receipt # 7010 1060 0000 2219 2962

78  on July 27th, 2010 (see **Exhibit C**) and said letter was received on Aug 2nd, 2010.

79      The Plaintiff contacted Experian and disputed the erroneous and inaccurate information

80  via U.S. Postal Service Certified Mail Return Receipt # 7010 1060 0000 2219 2955 on July 27th,

81  2010 (see **Exhibit D**) and said letter was received on July 29th, 2010.

82      The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information

83  via U.S. Postal Service Certified Mail Return Receipt # 7010 1060 0000 2948 on July 27th, 2010

84  (see **Exhibit E**) and said letter was received on July 29th, 2010.

85  All three Credit Reporting Bureaus have indicated they are reporting the information

86  correctly as reported by the Co-Defendant.  The Co-Defendant DISCOVER BANK has been

87  reporting erroneous and inaccurate information in the Plaintiff's credit reports since June 2010 in

88  all three credit-reporting bureaus.

## Count I against the Defendant Under DCPA

89

90  Failure to validate the alleged debt/account: Failure to provide proof of alleged debt/account

91  Initial contact on or about Oct 29, 2010 and November 5th 2010.

92  **§ 809. Validation of debts 15 USC 1692g**

93  (a) Within five days after the initial communication with a consumer in connection with the
94      collection of any debt, a debt collector shall, unless the following information is contained in the
95      initial communication or the consumer has paid the debt, send the consumer a written notice
96      containing—

97      (1) the amount of the debt;

98      (2) the name of the creditor to whom the debt is owed;

99      (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the
100         validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt
101         collector;

102     (4) a statement that if the debt collector notifies the debt collector in writing within the thirty-day
103         period that the debt, or any portion thereof, is disputed, the debt collector will obtain
104         verification of the debt or a copy of a judgment against the consumer and a copy of such
105         verification or judgment will be mailed to the consumer by the debt collector; and

106     (5) a statement that, upon the consumer's written request within the thirty-day period, the debt
107         collector will provide the consumer with the name and address of the original creditor, if
108         different from the current creditor.

109 (b) If the consumer notifies the debt collector in writing within the thirty-day period described in
110     subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the
111     name and address of the original creditor, the debt collector shall cease collection of the debt, or
112     any disputed portion thereof, until the debt collector obtains verification of the debt or any copy
113     of a judgment, or the name and address of the original creditor, and a copy of such verification or
114     judgment, or name and address of the original creditor, is mailed to the consumer by the debt
115     collector. Collection activities and communications that do not otherwise violate this title may
116     continue during the 30-day period referred to in subsection (a) unless the consumer has notified
117     the debt collector in writing that the debt, or any portion of the debt, is disputed or that the con-
118     sumer requests the name and address of the original creditor. Any collection activities and
119     communication during the 30-day period may not overshadow or be inconsistent with the
120     disclosure of the consumer's right to dispute the debt or request the name and address of the
121     original creditor.

122 (c) The failure of a consumer to dispute the validity of a debt under this section may not be construed
123     by any court as an admission of liability by the consumer.

124 (d) A communication in the form of a formal pleading in a civil action shall not be treated as an
125     initial communication for purposes of subsection (a).

126 Plaintiff demands Judgment in the amount of $1000.00

4

## **Count II against the Defendant Under DCPA**

Continued collection activity: Filing suit in the local court on or about Dec 23rd, 2010 again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## **Count III against the Defendant Under DCPA**

Continued collection activity: Second letter received on or about Feb 9th, 2011 with reduced amount to be paid on or about Feb 25th, 2011 again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

## **Count IV against the Defendant Under DCPA**

Continued collection activity. Re-filing amended complaint in the local court on or about Jan 24th, 2011 again failing to provide proof of the alleged account

In violation of **§ 809. Validation of debts 15 USC 1692g**

Plaintiff demands Judgment in the amount of $1000.00

**WHEREFORE,** The Defendant has violated the DCPA and the Plaintiffs rights under the law

Plaintiff has disputed asked for validation of the alleged account with the Defendant in a timely manner as required under DCPA.

**§ 813. Civil liability 15 USC 1692i**

(a) Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of (1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action,

(i) such amount for each named plaintiff as could be recovered under subparagraph (A), and

(ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

163 The Defendant has damaged the Plaintiff both monetarily and emotionally. Plaintiff demands
164 judgment for punitive damages for $50,000.00 along with $4000.00 for their violations of DCPA
165 and any other damages the court deems permissible.

166 ## Count I against the Co-Defendant under FCRA

167 **Civil liability for willful noncompliance [15 U.S.C. § 1681n]**

168 (a) In general. Any person who **willfully** fails to comply with any requirement imposed under
169 this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
170 (1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not
171 less than $100 and not more than $1,000; or
172 (B) in the case of liability of a natural person for obtaining a consumer report under false
173 pretenses or knowingly without a permissible purpose, actual damages sustained by the
174 consumer as a result of the failure or $1,000, whichever is greater;
175 (2) such amount of punitive damages as the court may allow; and
176 (3) in the case of any successful action to enforce any liability under this section, the
177 costs of the action together with reasonable attorney's fees as determined by the court.
178 (b) Civil liability for knowing noncompliance. Any person who obtains a consumer report
179 from a consumer reporting agency under false pretenses or knowingly without a permissible
180 purpose shall be liable to the consumer reporting agency for actual damages sustained by the
181 consumer reporting agency or $1,000, whichever is greater.
182 (c) Attorney's fees. Upon a finding by the court that an unsuccessful pleading, motion, or
183 other paper filed in connection with an action under this section was filed in bad faith or for
184 purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in
185 relation to the work expended in responding to the pleading, motion, or other paper. As a result
186 of defendants' willful failure to comply with the FCRA, Co-defendants are liable to the Plaintiff
187 in an amount equal to the sum of (i) any actual damages sustained by the plaintiff as a result of
188 the failure or damages of not less than $100.00 and not more than $1,000.00 for each such
189 violation; (ii) such amount of punitive damages as the court may allow; and (iii) the costs of this
190 action together with reasonable attorneys' fees.
191 Plaintiff restates and reiterates herein all previous paragraphs.
192 Plaintiff demands judgment in the amount of $660,000.00. This is based on every day that
193 the Co-Defendant violated the FCRA (two hundred twenty days) by willfully failing to comply

194 with the requirements of the FCRA, times $1000.00, times three for each one of the three
195 national credit reporting bureaus.  This is allowed for every day that the Co-Defendant fails to
196 comply with the FCRA and its regulations.

197 ## Count II against the Co-Defendant under FCRA

198 **Civil liability for negligent noncompliance [15 U.S.C. § 1681o]**

199 (a) In general. Any person who is negligent in failing to comply with any requirement imposed
200 under this title with respect to any consumer is liable to that consumer in an amount equal to the
201 sum of

202 (1) any actual damages sustained by the consumer as a result of the failure; and

203 (2) in the case of any successful action to enforce any liability under this section, the costs of the
204 action together with reasonable attorney's fees as determined by the court.

205 (b) Attorney's fees. On a finding by the court that an unsuccessful pleading, motion, or other
206 paper filed in connection with an action under this section was filed in bad faith or for purposes
207 of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation
208 to the work expended in responding to the pleading, motion, or other paper.

209 Plaintiff demands judgment in the amount of $660,000.00. This is based on every day that
210 the Co-Defendant violated the FCRA (two hundred twenty days) by negligently failing to
211 comply with the requirements imposed under the FCRA, times $1000.00, times three for each
212 one of the three national credit reporting bureaus.  This is allowed for every day that the Co-
213 Defendant fails to comply with the FCRA and its regulations.

214 ## Count III against the Co-Defendant under FCRA:

215 The plaintiff has disputed with the Co-Defendant's and all three credit-reporting agencies in
216 the same time frame and the Co-Defendant has not complied with the FCRA.

217 The Co-Defendant has damaged the Plaintiff's credit score, credit report, and Plaintiff's
218 character by saying that the Plaintiff doesn't pay his bills.

219 **Reporting erroneous and inaccurate information**

220 **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of**
221 **information to consumer reporting agencies:**

222 (a)Duty of furnishers of information to provide accurate information.

223 (1) Prohibition.

224 (A) Reporting information with actual knowledge of errors. A person shall not furnish any

7

225 information relating to a consumer to any consumer-reporting agency if the person knows or

226 consciously avoids knowing that the information is inaccurate.

227 (B) Reporting information after notice and confirmation of errors. A person shall not furnish

228 information relating to a consumer to any consumer-reporting agency if

229 **(i) the person has been notified by the consumer, at the address specified by the person for**

230 **such notices, that specific information is inaccurate; and**

231 (ii) the information is, in fact, inaccurate.

232 (2) Duty to correct and update information. A person who

233 (A) regularly and in the ordinary course of business furnishes information to one or more

234 consumer reporting agencies about the person's transactions or experiences with any consumer;

235 and

236 (B) has furnished to a consumer reporting agency information that the person determines is not

237 complete or accurate, shall promptly notify the consumer reporting agency of that determination

238 and provide to the agency any corrections to that information, or any additional information, that

239 is necessary to make the information provided by the person to the agency complete and

240 accurate, and shall not thereafter furnish to the agency any of the information that remains not

241 complete or accurate.

242 (3) **Duty to provide notice of dispute**. If the completeness or accuracy of any information

243 furnished by any person to any consumer reporting agency is disputed to such person by a

244 consumer, the person may not furnish the information to any consumer-reporting agency without

245 notice that such information is disputed by the consumer.

246 (b) Duties of furnishers of information upon notice of dispute.

247 (1) In general. After receiving notice pursuant to section 611(a)(2) [§ 1681i] of a dispute with

248 regard to the completeness or accuracy of any information provided by a person to a consumer-

249 reporting agency, the person shall

250 (A) conduct an investigation with respect to the disputed information;

251 (B) review all relevant information provided by the consumer reporting agency pursuant to

252 section 611(a)(2) [§ 1681 i];

253 (C) report the results of the investigation to the consumer reporting agency; and

254 (D) if the investigation finds that the information is incomplete or inaccurate, report those results

255 to all other consumer reporting agencies to which the person furnished the information and that

256   compile and maintain files on consumers on a nationwide basis.

257   (2) Deadline. A person shall complete all investigations, reviews, and reports required under

258   paragraph (1) regarding information provided by the person to a consumer reporting agency,

259   before the expiration of the period under section 611 (a)(1) [§ 1681 i] within which the consumer

260   reporting agency is required to complete actions required by that section regarding that

261   information.

262        Plaintiff demands judgment in the amount of $660,000.00. This is based on every day that

263   the Co-Defendant violated the FCRA (two hundred twenty days) by reporting erroneous and

264   inaccurate information, times $1000.00, times three for each of the three national credit reporting

265   bureaus.  This is allowed for every day that the Co-Defendant fails to update the report by

266   marking the alleged account in dispute.

267   ## Count IV against the Co-Defendant under FCRA

268        The Co-Defendant DISCOVER BANK has failed to indicate that the Plaintiffs credit report

269   is in dispute in the Plaintiffs three credit reports as the Co-Defendant has not provided proof of

270   any alleged account from July 26th, 2010 and through today in all three credit reporting bureaus.

271   Co-Defendant has failed to indicate that the alleged account is in dispute.

272   **Failure to mark the account in dispute**

273   **According to the Fair Credit Reporting Act, section 623. Responsibilities of furnishers of**

274   **information to consumer reporting agencies**

275   (a) Duty of furnishers of information to provide accurate information.

276   (1) Prohibition.

277   (A) Reporting information with actual knowledge of errors. A person shall not furnish any

278   information relating to a consumer to any consumer-reporting agency if the person knows or

279   consciously avoids knowing that the information is inaccurate.

280   (B) Reporting information after notice and confirmation of errors. A person shall not furnish

281   information relating to a consumer to any consumer-reporting agency if

282   (i) the person has been notified by the consumer, at the address specified by the person for such

283   notices, that specific information is inaccurate: and

284   (ii) the information is, in fact, inaccurate.

285   (2) Duty to correct and update information. A person who

286   (A) regularly and in the ordinary course of business furnishes information to one or more

9

287 consumer reporting agencies about the person's transactions or experiences with any consumer;
288 and
289 (B) has furnished to a consumer reporting agency information that the person determines is not
290 complete or accurate, shall promptly notify the consumer reporting agency of that determination
291 and provide to the agency any corrections to that information, or any additional information, that
292 is necessary to make the information provided by the person to the agency complete and
293 accurate, and shall not thereafter furnish to the agency any of the information that remains not
294 complete or accurate.
295 **(3) Duty to provide notice of dispute. If the completeness or accuracy of any information**
296 **furnished by any person to any consumer reporting agency is disputed to such person by a**
297 **consumer, the person may not furnish the information to any consumer reporting agency**
298 **without notice that such information is disputed by the consumer.**
299 The Plaintiffs credit reports from Experian, Trans Union, and Equifax do not reflect that the
300 information is disputed by the consumer, even though the Plaintiff has sent a letter of dispute to
301 the Defendant and to date the Co-Defendant has not responded.
302 Plaintiff demands judgment in the amount of $660,000.00. Based on every day (two hundred
303 twenty days) the Co-Defendant has failed to mark the account in dispute times $1000.00 per
304 violation, times all three national credit bureaus.  The Co-Defendant has broken the FCRA by
305 updating the reports each month without marking the alleged account in dispute.
306 ## Count V against the Co-Defendant under FCRA
307 **§ 615. Requirements on users of consumer reports *15 U.S.C. § 1681m(G)***
308 (2) upon request of the consumer to whom the debt purportedly relates, provide to the
309 consumer all information to which the consumer would otherwise be entitled if
310 the consumer were not a victim of identity theft, but wished to dispute the debt
311 under provisions of law applicable to that person.
312 Plaintiff demands judgment in the amount of *$2,640,000.00.*
313 This is based on every day that the Co-Defendant violated the FCRA in Plaintiffs credit reports
314 (two hundred twenty days) by willfully failing to comply with the requirements of the FCRA,
315 times $1000.00, times three for each one of the three national credit reporting bureaus.  This is
316 allowed for every day that the Co-Defendant fails to comply with the FCRA and its regulations.
317

318

## **Summation**

319 Plaintiff has disputed the alleged accounts with the Co-Defendant and the Credit Reporting

320 Agencies in a timely manner.  And therefore the Co-Defendant has been reporting erroneous and

321 inaccurate information on the Plaintiff's credit reports and the Co-Defendant has failed to

322 provide proof of the account as requested by the Plaintiff.  The Plaintiff now has a negatively

323 impacted credit score as of this date and has been denied credit and/or denied credit at reasonable

324 rates because of the willful noncompliance and negligent actions of erroneous and inaccurate

325 reporting and/or inaction's of the Co-Defendant. Co-Defendant has not only violated the

326 Plaintiff's civil rights but damaged the Plaintiff both monetarily and emotionally.

327 **WHEREFORE,** the Co-Defendant has violated the Fair Credit Reporting Act.

328 Plaintiff demands Judgment in the amount of $2,6400,000.00, plus all costs of this action along

329 with punitive damages in the amount of $50,000.00, for their violations of FCRA and any other

330 damages the court deems permissible.

331

332

333 Respectfully submitted this 14ᵀᴴ Day of March, 2011.

334

335

336 Steve Bolton

337 7542 Splashing Rock Dr.

338 Las Vegas, NV. 89131

339 702-772-9807

340 sbolton7@centurylink.net

341

342

343

344

345

346

347

348

349

## **CERTIFICATE OF SERVICE**

350    I hereby certify that a copy of the forgoing complaint/summons Bolton vs. Guglielmo & Assoc

351    Defendant at 3376 S Eastern Ave Ste 188A, Las Vegas, NV  89169 has been served upon the

352    Defendant via process server along with the Co-Defendant DISCOVER BANK Co-Defendant

353    has been served at their registered agent's place of business at 2500 Lake Cook Rd.,

354    Riverwoods, IL 60015-3851, on or about ___14 TH___ day of March, 2011 with affidavit of

355    service by Process Service Receipt to be submitted to the Clerk of the Court.

356

357

358                   Steve Bolton

359                   7542 Splashing Rock Dr.

360                   Las Vegas, NV. 89131

361                   702-772-9807

362                   sbolton7@centurylink.net

EXHIBIT   A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DISCOVER
PO BOX 15316
WILMINGTON, DE
        19850

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                            ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
   Guillen An                     2010

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7009 3410 0001 0346 3119

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT  C

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee |
| | B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to:<br><br>TRANS UNION<br>PO BOX 2000<br>CHESTER, PA<br>19022 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>TransUnion LLC<br>AUG 02 2010 |
| | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)*    7010 1060 0000 2219 2962 | |
| PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540 | |

EXHIBIT D

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

   EXPERIAN
   PO BOX 2104
   ALLEN, TX 75013

COMPLETE THIS SECTION ON DELIVERY

A. Signature
   X                                      □ Agent
                                          □ Addressee

B. Received by ( *Printed Name* )     C. Date of Delivery
   JUL 2 9 2010

D. Is delivery address different from item 1?   □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
   □ Certified Mail      □ Express Mail
   □ Registered          □ Return Receipt for Merchandise
   □ Insured Mail        □ C.O.D.

4. Restricted Delivery? *(Extra Fee)*        □ Yes

2. Article Number
   *(Transfer from service label)*      7010 1060 0000 2219 2955

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

EXHIBIT E

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>JUL 29 2010 |
| 1. Article Addressed to:<br><br>EQUIFAX<br>PO BOX 740241<br>ATLANTA, GA<br>    30374 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number<br>(Transfer from service label)   7010 1060 0000 2219 2948 | |

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

1    Steve Bolton, Pro Se'
2    7542 Splashing Rock Dr.
3    Las Vegas, NV. 89131
4    702-772-9807
5    sbolton7@centurylink.net
6

7                **IN THE UNITED STATES DISTRICT COURT**
8                  **FOR THE DISTRICT OF NEVADA**

Steve Bolton, Pro Se'         )
Plaintiff                   )
                            )
V.                         )     **2:11-cv-00387-JCM -RJJ**
                            )
Guglielmo & Associates      )
Defendant               )      **Affidavit of Steve Bolton in Support**
                                      **Of Plaintiff's Complaint**
Discover Financial Services a.k.a DFS
Services, Discover Card, NB Holding et al,
Discover Bank
Co-Defendant
Does 1 through 10

9
10      The following is the true and correct statement of Plaintiff, Timothy Harris, on and for the
11 record.  This statement is made to the best of his knowledge.  The specifics of this case are as
12 follows:
13

14    1. On or about June 1st, 2010, Plaintiff, a Consumer according to the definitions of the Fair
15        Credit Reporting Act, 15 U.S.C. § 1681 et seq. noticed that the Co-Defendant, a
16        Creditor/Information Provider according to the definitions of the Fair Credit Reporting
17        Act 15 U.S.C. § 1681 et seq. was existing in the Plaintiff's credit report files with
18        inaccurate information.
19    2. The Plaintiff contacted the Co-Defendant by United States Postal Service Certified Mail
20        Return Receipt # 7009 3410 0001 0346 3119 on or about July 22, 2010 disputing the
21        information in the Plaintiff's credit report. No reply was received from the Defendant.
22        **See Exhibit A**

1

3.  The Plaintiff contacted Trans Union and disputed the erroneous and inaccurate information via United States Postal Service Certified Mail Return Receipt # 7010 1060 0000 2219 2962 on July 27th, 2010.  Trans Union received this letter on August 2nd, 2010.  **See Exhibit C**

4.  The Plaintiff contacted Experian and disputed the erroneous and inaccurate information via United States Postal Service Certified Mail Return Receipt # 7010 1060 0000 2219 2955 on July 27th, 2010.  Experian received this letter on July 29th, 2010.  **See Exhibit D**

5.  The Plaintiff contacted Equifax and disputed the erroneous and inaccurate information via United States Postal Service Certified Mail Return Receipt # 7010 1060 0000 2948 on July 27th, 2010.  Equifax received this letter on July 29th, 2010.  **See Exhibit E**

6.  All three Credit Reporting Bureaus have indicated they are reporting the information correctly as reported by the Co-Defendant, yet the Plaintiff's alleged account **HAS NOT** been marked in dispute.

7.  This refusal to mark the Plaintiff's alleged account in dispute is a violation of the Fair Credit Reporting Act, section 623. **Responsibilities of furnishers of information to consumer reporting agencies**

8.  The Co-Defendant now continues to exist in the Plaintiff's credit report without marking his alleged account in dispute which is a violation of the Fair Credit Reporting Act, section 623. **Responsibilities of furnishers of information to consumer reporting agencies**

9.  On or about Oct 29th, 2010 the Defendant contacted the Plaintiff via US Mail with a notice of an alleged debt that was owed.  On or about Nov 5th,2010 the Plaintiff sent a letter of Validation to the Defendant via Certified US Mail which the Defendant received on November 9th, 2010.  To date the Defendant has failed to validate the alleged debt. The Defendant has done continued collection activity through today's date by filing a suit in the local County Court, which lacks jurisdiction and proof of the alleged debt.  The Defendant has filed an amended suit in the same court a second time and the Plaintiff has again challenged that suit based on the local Court lacks jurisdiction and proof of the alleged debt.

10.  The Plaintiff *does not* want this case to be adjudicated by a Magistrate Judge.  Plaintiff **will not** be filing a form AO-85 and is willing to wait for this case to be adjudicated by

54        the District Court Judge.

55   11.  The matters in Plaintiff's Complaint are the only matters before this court.  Anything

56        else brought forth in this case is irrelevant, immaterial, impertinent, scandalous and just

57        an attempt to mis-direct the courts attention from the facts of the complaint.

58   12.  At NO TIME has this case EVER been, nor will it ever be, about any alleged monies,

59        alleged monies owed, alleged contracts or judgments.  This case is about what the Co-

60        Defendant failed to do when an alleged account was disputed with them according to the

61        FCRA.  This case is also about the violations of the FDCPA by the Defendant.

62

63

64   I swear under penalty of perjury that the following statement is the truth to the best of my

65   knowledge.

66

67

68   Respectfully submitted this 14th day of March, 2011.

69

70                                                          

71                                                          Steve Bolton

72   State of Nevada                                        7542 Splashing Rock Dr.

73   County of Clark                                        Las Vegas, NV 89131

74                                                          702-772-9807

75   This instrument was acknowledged before me this 14th   sbolton7@centurylink.net

76   day of __March__                          2011

77   By __Steven V. Bolton__

78

79   Notary Public

80

81                        NOTARY PUBLIC
                          STATE OF NEVADA
82                          County of Clark
                           STEVEN KOGER
                    No: 10-3603-1
                    My Appointment Expires Dec. 1, 2014

83

84

85

3

## **CERTIFICATE OF SERVICE**

86

87   I hereby certify that a copy of the forgoing complaint/summons Bolton vs. Guglielmo & Assoc

88   Defendant at 3376 S Eastern Ave Ste 188A, Las Vegas, NV  89169 has been served upon the

89   Defendant via process server along with the Co-Defendant DISCOVER BANK Co-Defendant

90   has been served at their registered agent's place of business at 2500 Lake Cook Rd.,

91   Riverwoods, IL 60015-3851, on or about _____ 14TH _____ day of March, 2011 with affidavit of

92   service by Process Service Receipt to be submitted to the Clerk of the Court.

93

94

95   Steve Bolton
96   7542 Splashing Rock Dr.
97   Las Vegas, NV. 89131
98   702-772-9807
99   sbolton7@centurylink.net
100

4